IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDULKADIR SHARIF MOHAMED ABDI, <br><br> Petitioner, <br><br> vs. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; KRISTI NOEM, in her capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his capacity as Secretary of State of the United States; TODD M. LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; PAMELA BONDI, in their official capacity as Attorney General of the United States; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and JEROME KRAMER, in his official capacity as Sheriff of Lincoln County, Nebraska, Official of Lincoln County Detention Center; <br><br> Respondents. | 4:25CV3251 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Abdulkadir Sharif Mohamed Abdi's Verified Petition for Writ of Habeas Corpus. ([Filing No. 1](#)). Abdi, who is currently held by U.S. Immigrations and Customs Enforcement (ICE), seeks interim release while the Court adjudicates

his petition.[1] (Filing No. 16 at 2); *see Martin v. Solem*, 801 F.2d 324 (8th Cir. 1986). For the reasons stated below, the Court will grant that interim relief.

## BACKGROUND

Abdi is a Somali national who has lived in the United States for nearly thirty years. (Filing No. 1 at 2). Since 1997, he has lived in Minneapolis, Minnesota. (Filing No. 1-8 at 1). He was placed in removal proceedings in 2001. (Filing No. 1 at 19). An immigration judge ordered Abdi removed to Somalia, but because Somalia was not issuing travel documents or accepting deportees at the time, he was released from immigration custody on an order of supervision. (Filing No. 1 at 19).

Abdi was detained in 2018 for the purpose of effectuating his removal since Somalia purportedly began accepting deportees by then. (Filing No. 1 at 19). An immigration judge ordered that Abdi be removed from the United States but granted his application for withholding of removal to Somalia, finding that Abdi had "met his burden to show he will more likely than not face a threat to his life or freedom on account of a protected characteristic if he were to be returned to Somalia." (Filing No. 1-1 at 15-16). The Department of Homeland Security (DHS) appealed that decision, and the Board of Immigration Appeals later dismissed the appeal and remanded the case to allow DHS to complete relevant background examinations and investigations. (Filing No. 1 at 19). On remand, DHS confirmed that it completed all required checks and requested that the immigration judge issue a final order that orders Abdi removed and grants his application for withholding of removal. The immigration judge issued an order to that effect on November 28, 2018. DHS waived appeal, rendering the Immigration Judge's decision final as of that date. (Filing No. 1 at 19).

While that appeal was pending, Abdi filed a petition for a writ of habeas corpus in the U.S. District Court for the District of Minnesota. (Filing No. 1 at 20); *see Abdulkadir A. v. Sessions*, 2018 WL 7048363 (D. Minn. Nov. 13, 2018). That court granted the petition and ordered the immigration judge to provide Abdi with a bond hearing within thirty days and to "make an individualized determination regarding whether detention is necessary to protect the community or to prevent Mr. Abdi from fleeing." *Abdulkadir A. v. Sessions*, 2019 WL 201761 (D. Minn. Jan. 15, 2019). After making that individualized determination, the immigration judge released Abdi

---

[1] As Abdi explains in a letter filed with the Court, he now seeks interim release in light of the Federal Respondents' decision not to respond to his petition. (Filing No. 16).

2

on his own recognizance on an Order of Supervision dated February 5, 2019. (Filing No. 1-6). Abdi "has complied with the terms and conditions of his order of supervision," since then, "including attending all of his scheduled ICE check-ins." (Filing No. 1 at 20).

But Abdi was detained again on December 1, 2025 during "Operation Metro Surge." (Filing No. 1 at 20). That day, he alleges, immigration officers "surrounded Mr. Abdi's home in Minneapolis, Minnesota and arrested him," telling him that his arrest was "pursuant to a warrant[.]" (Filing No. 1 at 20). He alleges he "has not received a copy of the purported warrant for his arrest," nor did "ICE explain whether or why Mr. Abdi's order of supervision was revoked, provide him with an interview or otherwise give him an opportunity to respond." (Filing No. 1 at 20). All the ICE officers told him, he says, is that they had "orders," a warrant for his arrest, and "would find a country for [him]." (Filing No. 1 at 20; Filing No. 1-8 at 2). After being processed at Fort Snelling and spending the night in Sherburne County Jail, ICE transferred Abdi to the Lincoln County Jail in North Platte, Nebraska. (Filing No. 1-8 at 2).

Abdi filed this Verified Petition for Writ of Habeas Corpus on December 9, 2025. He challenges his detention and threatened removal to a "third country" as unlawful on constitutional statutory, and regulatory grounds. (Filing No. 1). Abdi seeks, among other things, immediate release from custody. (Filing No. 1). The next day, the Court entered an order directing Abdi to serve his petition on the respondents and directing the respondents to "make a return certifying the true cause of [Abdi's] detention and showing cause why the Petition for Writ of Habeas Corpus should not be granted" within three days. (Filing No. 9 at 2). The Federal Respondents[2] sought— and received, for good cause shown under 28 U.S.C. § 2243—a two-day extension to respond to the petition. (Filing No. 15).

On December 22, 2025, the day before their deadline to respond, the Federal Respondents informed the Court that they "will not be filing a response to the habeas petition" but "will of course comply with the Court's order concerning this matter." (Filing No. 16-2 at 1). That

---

[2] The Federal Respondents include "all Respondents except for Jerome Kramer," who is the sheriff of Lincoln County, Nebraska. (Filing No. 13 at 1). Counsel entered an appearance on Sherriff Kramer's behalf on December 15, 2025 (Filing No. 12), but he has not filed a response to the petition.

prompted Abdi to file a letter—which the Court construes as a motion—seeking an "immediate order for his interim release pending adjudication of his habeas petition." (Filing No. 16 at 2).

## DISCUSSION

*Martin v. Solem*, 801 F.2d 324 (8th Cir. 1986) sets forth the standard governing interim release in a habeas case. Under *Martin,* to grant interim release the Court must find (1) a substantial federal constitutional claim that is not only clear on the law but also readily evident on the facts, and (2) the existence of exceptional circumstances justifying special treatment in the interests of justice. 801 F.2d at 329-30; *see Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 892 (D. Minn. 2025). The Court concludes, on the record before it,[3] that Abdi has satisfied both *Martin* factors.

*First,* Abdi has presented substantial Fifth Amendment claims that meet *Martin*'s legal and factual threshold. Under 8 C.F.R. § 241.13, ICE is required to release a noncitizen ordered removed from the United States on an order of supervision if there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future. *See Roble v. Bondi*, 2025 WL 2443453, at *2 (D. Minn. Aug. 25, 2025); *see also, e.g., Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a noncitizen . . . who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.") (citing 8 C.F.R. § 241.13(i)(2)); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that 8 C.F.R. § 241.13(i) was "promulgated to protect a fundamental right derived from the Constitution").

Once "ICE releases a noncitizen on an Order of Supervision, ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Id.* Relevant here, ICE may re-detain a noncitizen released on an order of supervision "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). If ICE decides to revoke a noncitizen's release under 8 C.F.R. §

---

[3] Despite the Federal Respondents' decision not to respond to Abdi's petition, the Court has nevertheless independently evaluated whether he is entitled to interim relief under the standards set forth in *Martin. See, e.g., Williams v. Sachse*, 2020 WL 5642312, at *1 (E.D. Mo. Sept. 22, 2020) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.") (quoting *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)).

241.13(i)(2), the noncitizen must "be notified of the reasons for revocation of his or her release," and ICE must "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3). At that interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future." *Id.* If the Court determines that "removal is not reasonably foreseeable," continued detention is nether reasonable nor authorized by statute. *Phongsavanh v. Williams*, 2025 WL 3124032, at *3 (S.D. Iowa Nov. 7, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001)).

Although a habeas petitioner bears the ultimate burden of showing that his detention violates the law, *see Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966), § 241.13 of ICE's regulations place the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble*, 2025 WL 2443453, at *4. The regulation placing the burden on the government to establish that changed circumstances justify revoking a noncitizen's supervised release pending removal reflects the general principle that the burden of proof falls on the party seeking to change the present state of affairs. *Phongsavanh*, 2025 WL 3124032, at *2 (citing 8 C.F.R. § 241.13(i)(2)).

Here, Abdi alleges that his substantive and procedural due process rights were violated in that ICE did not follow those regulations when re-detaining him. (Filing No. 1 at 27-29). Given the Federal Respondents' failure to respond to the petition, the Court has little choice but to agree. The Federal Respondents have made *no* "showing [of] a significant likelihood of removal in the reasonably foreseeable future." That means, at least based on this record, Abdi's continued detention violates § 241.13(i)(2) and is contrary to due process. Indeed, "[d]istrict courts nationwide have consistently granted habeas relief to similarly situated petitioners" even when the government adduced *some* evidence to support revocation of supervision. *Phongsavanh v. Williams*, 2025 WL 3124032, at *4 (S.D. Iowa Nov. 7, 2025) (collecting cases). In this case, the Court has no evidence to support revocation of supervision.

The Court reaches the same conclusion as to § 241.13(i)(3). Abdi asserts—in a sworn declaration—that he "ha[s] not been provided with any information or documentation explaining why [he] was detained" and that "ICE has not interviewed [him] or explained to [him] why [he]

5

was re-arrested." (Filing No. 1-8 at 2). The Federal Respondents' failure to respond to his petition means that evidence is uncontroverted. Again, that leads—if not requires—the Court to conclude that Abdi was not afforded the process outlined in § 241.13(i)(3), and as a result, his re-detention is unlawful.

The Court is aware of, and respects, the Executive Branch's need to enforce our nation's immigration laws. *See Zadvydas,* 533 U.S. at 700. The Court reiterates that its conclusions as to Abdi's constitutional claims are driven by the Federal Respondents' decision not to respond to the petition and the practical result that Abdi's evidence is uncontroverted.

*Second,* Abdi has demonstrated exceptional circumstances justifying special treatment in the interests of justice. For starters, Abdi's wife, Rhoda Christenson, asserts in her own sworn declaration that she was "recently diagnosed with Myelodysplastic syndrome, which is a form of blood cancer." (Filing No. 1-9 at 3). She has been receiving repeated "seven-day rounds of chemotherapy" that she describes as "very taxing," and Abdi's detention deprives her of the comfort he provided. (Filing No. 1-9 at 3). In addition, Abdi is experiencing health-related challenges of his own in detention. He explains that his vocal cords were damaged in a 2007 stabbing and as a result, he "sometimes ha[s] difficulty breathing and talking." (Filing No. 1-8 at 3). And since he has been detained, he says, he "ha[s] not had access to an inhaler or a nebulizer." (Filing No. 1-8 at 3). Both Abdi and Christenson further detail their emotional distress caused by Abdi's detention and the publicity surrounding it, including information they allege is false. (Filing No. 1-8 at 5; Filing No. 1-9 at 3). Again, that is all uncontroverted.

The Court finds these circumstances qualify as exceptional and justifying special treatment in the interests of justice. *See Mohammed H.,* 781 F. Supp. 3d at 896 ("While the Eighth Circuit has not expressly defined 'exceptional circumstances' in this context, this Court finds that the record here meets that threshold."). The Federal Respondents' decision not to respond to the petition further supports such a finding. *See id.*

In sum, on this record, Abdi has satisfied both *Martin* prongs. He is therefore entitled to interim release pending adjudication of his habeas petition. This Order resolves Abdi's request for immediate release only. His remaining claims are reserved for future adjudication. *See id.* at 889. Accordingly,

6

**IT IS ORDERED:**

1. Petitioner Abdulkadir Sharif Mohamed Abdi's motion for interim release ([Filing No. 16](#)) is granted. Petitioner's other claims remain under review.
2. Petitioner shall be released from custody within twenty-four hours, subject to the conditions previously imposed in the Order of Supervision dated February 5, 2019.
3. The Federal Respondents shall return Petitioner's property to him immediately upon his release, including his wedding ring and cell phone, unless they can show that seizure of Petitioner's cell phone is required for evidentiary purposes.
4. The Federal Respondents are enjoined from re-arresting Petitioner pending adjudication of his petition and until further order from this Court.
5. The Federal Respondents are further enjoined from removing Petitioner from the United States pending adjudication of Petitioner's petition and until further order from this Court.
6. Counsel for Jerome Kramer shall notify him as to the decision of the Court upon the filing of the Court's Memorandum and Order.
7. The Federal Respondents shall file proof of Petitioner's release within forty-eight hours of the Court's Memorandum and Order.
8. Petitioner's request to file supplemental briefing addressing his remaining claims is granted. Petitioner may file his supplemental brief on or before January 19, 2026. The Federal Respondents shall notify the Court within forty-eight hours, once the supplemental brief of petitioner is filed, if they plan to file any type of response. If so, the Federal Respondents shall have seven days from the petitioner's supplemental brief to respond.

Dated this 23rd day of December, 2025.

BY THE COURT:

_Susan M Bazis_
Susan M. Bazis
United States District Judge
